**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHELSEA GARLAND *et al.*, | Case No. 25-cv-03437-BAS-SBC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 8)** |
| MEAD JOHNSON & COMPANY, LLC, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants' Mead Johnson & Co., LLC; Mead Johnson Nutrition Co.; and Reckitt Benckiser LLC motion to dismiss (ECF No. 8) Plaintiffs' Chelsea Garland, Estelita Rey, and Zachary Williams first amended complaint (ECF No. 6). For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. (ECF No. 8.)

## I.   BACKGROUND

Defendants allegedly used misleading labels on two products: Enfagrow PREMIUM Toddler Nutritional Drink and Enfagrow NeuroPro Toddler Nutritional Drink ("Products"). (ECF No. 6 ¶ 1.) The Products, intended for toddlers, include labels stating, "IMMUNE HEALTH Dual Prebiotics & Vitamins," "Supports BRAIN DEVELOPMENT

25cv3437

Omega-3 DHA & Iron," and "22 NUTRIENTS to help support growth." (*Id.* ¶¶ 27, 47.) Defendants allegedly "misbrand[ed] the Products by making nutrient content claims and fortification-related representations which are strictly prohibited by the [Food and Drug Administration ("FDA")] for products intended for children under two years of age in order to fetch a price premium for their products from consumers." (*Id.* ¶ 46.) Accordingly, Plaintiffs were allegedly "harmed financially because they paid a price premium for the Products." (*Id.* ¶ 69.) Plaintiffs first sued Defendants in San Diego County Superior Court on July 5, 2024; then, removed the suit from San Diego County Superior Court on December 4, 2025. (ECF No. 1.) Plaintiffs amended their complaint on December 22, 2025. (ECF No. 6.)

Plaintiffs' first cause of action under California's Unfair Competition Law ("UCL") claims that Defendants' conduct was "unlawful" ("Count 1"). (*Id.* ¶ 97.) Specifically, Plaintiffs claim Defendants' Products were mislabeled in violation of California's Sherman Law which incorporates FDA and Food, Drug & Cosmetic Act ("FDCA") regulations (*Id.* ¶¶ 35, 46–47). *See* Cal. Bus. & Prof. Code § 17200; *see* 21 C.F.R. § 101. Additionally, Plaintiffs bring a second cause of action for unjust enrichment and claim they are entitled to restitution for the overpayment and profits Defendants obtained as a result of the challenged conduct ("Count 2"). (*Id.* ¶¶ 108–113.) Furthermore, Plaintiffs seek declaratory relief. (*Id.* ¶ 115.)

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) arguing (1) Plaintiffs' UCL claim is preempted by the FDCA; (2) Plaintiffs' unjust enrichment claim is similarly preempted because it is based on Plaintiffs' UCL claim; and (3) Plaintiffs' request for declaratory relief should be dismissed. (ECF No. 8.) Plaintiffs respond (ECF No. 9); and Defendants reply (ECF No. 10).

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept

25cv3437

all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Under Rule 15(a), leave to amend "shall be freely given when justice so requires." However, the court may deny leave to amend for reasons of "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. ANALYSIS

### A. Whether Plaintiffs' Claims are Preempted by FDCA

- 3 -

25cv3437

"The Supremacy Clause is the source of preemption doctrine, which invalidates state laws that are contrary to federal statutes." *Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040, 1045 (9th Cir. 2022). Relevant in all preemption cases is the presumption "that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). "[T]he party who asserts that a state law is preempted bears the burden of so demonstrating." *Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1088 (2008) (citations omitted). This presumption against preemption is applied to both the "*existence* as well as the *scope* of preemption." *Id.* (citing *Medtronic*, 518 U.S. at 485). "In determining whether federal law preempts state law, a court's task is to discern congressional intent." *Farm Raised Salmon Cases*, 42 Cal. 4th at 1087 (2008).

Here, Plaintiffs bring a cause of action for violation of California's Unfair Competition Law ("UCL") against Defendants. (ECF No. 6.) California's UCL prohibits "unfair competition" including any "unlawful, unfair, or fraudulent business practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §§ 17200 *et seq.* As the basis for Plaintiffs' UCL claims, Plaintiffs allege Defendants have violated various provisions of the Sherman Food Drug & Cosmetic Law, Cal. Bus. & Prof. Code §§ 109875, *et seq.* More specifically, Plaintiffs allege Defendants violated Sherman Law advertising provisions, including Cal. Health & Safety Code §§ 110390, 110395, 110398, 110400; and Sherman Law misbranded food provisions, including Cal. Health & Safety Code §§ 110665, 110760, 110765, and 110770. (ECF No. 6 ¶¶ 65, 66, 99.) Plaintiffs also allege Defendants have violated Cal. Health & Safety Code §§ 110100(a), 110380, and 110505 through violating FDCA and FDA regulation provisions that Sherman Law has incorporated by reference. (ECF No. 6 ¶ 99.) More specifically, Plaintiffs allege Defendants violate the following federal misbranding provisions in 21 U.S.C. § 343, *et seq.*, and 21 C.F.R. §§ 101.13(b), 101.13(c), 101.54(e), and 104.20. (ECF No. 6 ¶¶ 67, 99.)

- 4 -

25cv3437

Defendants move to dismiss Plaintiffs' UCL cause of action, arguing the claims are preempted by the FDCA's prohibition on private enforcement. (ECF No. 8-1 at 4:2–11:15.) Plaintiffs rebut Defendants' arguments and claim that they are not enforcing the FDCA but are instead, bringing identical state-law claims under the UCL grounded in California's Sherman Law. (ECF No. 9 at 10:18–15:20.)

For the reasons below, the Court finds that Plaintiffs' UCL claims based on Sherman Law violations are neither expressly nor impliedly preempted by the FDCA.

### 1. Plaintiffs' Claims are Not "Expressly Preempted" because They are Based in Parallel State Law Requirements

"Congress in 1990 amended the FDCA [('Food, Drug, and Cosmetic Act')] by enacting the NLEA [('Nutrition Labeling and Education Act')] in order to provide nationally uniform standards for nutrition labeling." *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 845 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1922 (2025); *see* 21 U.S.C. § 343-1 ("Section 343-1"). Section 343-1 "permits states to enact labeling standards so long as they are identical to the federal standards." *Davidson*, 106 F.4th at 845. Section 343-1 "expressly preempts . . . only state standards that deviate from the federal." *Id.* at 846 (citing 21 U.S.C. § 343-1(a)).

In *Davidson*, the Ninth Circuit held that plaintiff's UCL claims were not expressly preempted by Section 343-1 because they are based in California Sherman Law provisions incorporating federal regulations by reference, which are identical to FDCA provisions doing the same. *Id.*, 106 F.4th at 845.

*Davidson*'s approach is spelled out as follows. First, Cal. Health & Safety Code § 110100(a) (part of the California Sherman Law) expressly incorporates "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date [as] . . . the food labeling regulations of this state." *Id.* Second, 21 U.S.C. § 343 ("Section 343") incorporates requirements in FDA regulations related to food nutrient and health-related labels as actionable under the FDCA. Third, 21 U.S.C.A. § 343-1(a)(5) ("Section 343-

- 5 -

25cv3437

1(a)(5)") permits states to pass food labeling laws with "identical" requirements to Section 343. Taken together, the *Davidson* court reasons that Cal. Health & Safety Code § 110100(a) incorporates FDA food labeling regulations into the California Sherman Law in the same manner that Section 343 incorporates the same FDA food labeling regulations into the FDCA—rendering the state and federal requirements "identical." *Davidson*, 106 F.4th at 849 (citing Section 343-1(a)) ("It is true that the Sherman Law standards are identical to the federal standards, but Congress said such standards are not preempted and hence permitted states to adopt them.")

Thus, *Davidson* found plaintiffs' claims under Cal. Health & Safety Code § 110100(a) to enforce prohibitions in FDA regulation 21 C.F.R. § 101.13(b)(3) on advertising products for children less than two years old with labels containing nutrient content claims were not expressly preempted by Section 343-1, since Cal. Health & Safety Code § 110100(a) does not "deviate" from federal labeling standards in the FDCA. *Davidson*, 106 F.4th at 846 (citing 21 U.S.C. § 343-1(a)) ("[Section 343-1] expressly preempts only state standards that deviate from the federal.").

Here, Plaintiffs' California Sherman Law claims under Cal. Health & Safety Code §§ 110390, 110395, 110398, 110400, 110665, 110770 (*see* ECF No. 6 ¶ 99) are not expressly preempted by Section 343-1—since their text does not apparently deviate from any substantive requirements in the FDCA. Additionally, Defendants do not point out how the text of these laws deviates from substantive requirements in the FDCA in their motion to dismiss; so, Defendants do not meet their burden to overcome the presumption against preemption. (*See generally* ECF No. 8-1.)

Next, Plaintiffs bring California law claims under Cal. Health & Safety Code §§ 110100(a), 110505, and 110380—asserting violations of 21 C.F.R. §§ 101.13(b), 101.13(c), 104.20 as their underlying bases. Following the reasoning in *Davidson* and reviewing the text of these state laws, this Court finds that they are "parallel" state laws incorporating federal regulations by reference, and thus, do not "deviate" from FDCA provisions that do the same. *See Davidson*, 106 F.4th at 850 ("Plaintiffs' claim is that

25cv3437

[Defendant] violated these parallel state requirements . . . [b]ecause the FDCA places no limitations on enforcement of these state parallels, plaintiffs' Sherman Law claim is not preempted."); *see also id*. at 856 (Judge Collins, concurring in part, dissenting on other grounds) ("[T]he relevant substantive prohibition set forth in 21 C.F.R. § 101.13(b)(3) is incorporated by reference into California law [in § 110100(a)] as a "food labeling regulation" under California law . . . because that incorporated-by-reference regulation was adopted under § 403(q) and § 403(r) of the FDCA, the resulting California-law obligation derived from 21 C.F.R. § 101.13(b)(3) is 'identical' to the requirements of § 403(q) and § 403(r).").

Since the food labeling requirements under Cal. Health & Safety Code §§ 110100(a), 110505, and 110380 do not appear to deviate from those incorporated by reference into the FDCA, the Court finds Plaintiffs have sufficiently pled that their Cal. Health & Safety Code §§ 110100(a), 110505, and 110380 claims are also not expressly preempted by Section 343-1.

One caveat with Cal. Health & Safety Code §§ 110505 and 110380 is that, in addition to incorporating federal law (including the FDCA and FDA regulations) by reference, these provisions also appear to permit states to promulgate regulations that deviate from federal standards.

Cal. Health & Safety Code § 110505 states (emphasis added):

Definitions and standards of identity, quality, and fill of container, and any amendment . . . adopted pursuant to the federal act . . . are the definitions and standards of . . . this state . . . **The [California state health] department may, by regulation, establish definitions and standards of identity, fill** . . . **whether or not the definitions and standards are in accordance with the federal regulations**, when in its judgment such action will promote honesty and fair dealing in the interest of consumers.

Cal. Health & Safety Code § 110380 states (emphasis added):

All regulations and their amendments pertaining to foods, drugs, devices, and cosmetics that are . . . pursuant to the Fair Packaging and

25cv3437

Labeling Act (80 Stat. 1296; 15 U.S.C. Sec. 1451 *et seq.*) shall be the regulations of this state. **The department may, when necessary, prescribe any packaging and labeling regulation for foods** . . . **whether or not the regulation is in accordance with regulations adopted under the Fair Packaging and Labeling Act**.

Even so, Defendants have not asserted that Plaintiffs' Cal. Health & Safety Code §§ 110505 and 110380 claims are based on state regulations or laws deviating from federal labeling requirements in the FDCA—as necessary for express preemption under Section 343-1. Indeed, Defendants focus their arguments on Plaintiffs' enforcement of FDA regulations incorporated by reference into Sherman Law provisions. (ECF No. 8-1 at 14:24–15:2.)

For the reasons above, the Court finds Plaintiffs have sufficiently alleged that the claims underlying their UCL cause of action are not expressly preempted to survive Defendants' motion to dismiss. (ECF No. 8.)

### 2. Plaintiffs' State Law and FDA Regulatory Claims are Not "Impliedly Preempted" Because Not Private Enforcement of FDCA Substantive Requirements

In addition to express preemption of a state law by federal statute, the Ninth Circuit has also reasoned that there may be implied preemption of that state law "where preemption 'was the clear and manifest purpose of Congress'," such as "when it stands in the way of fulfilling a Congressional objective." *Davidson*, 106 F.4th at 846 (citing *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1039 (9th Cir. 2015)).

21 U.S.C. § 337 ("Section 337") reserves enforcement of all FDCA provisions for the FDA and state governments, excluding private citizens. The Ninth Circuit has held that Section 337 can impliedly preempt private state law actions not brought by the FDA and that "require litigating" an underlying FDCA violation. *Davidson*, 106 F.4th at 849 ("claim[s] . . . [that] require litigating . . . whether an FDCA violation had occurred" are impliedly preempted because enforcement of FDCA violations is a "task reserved for the FDA."); *Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040,

- 8 -

1048 (9th Cir. 2022) (quoting *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010)) (state law claims that " 'would require litigation of the alleged underlying FDCA violation in a circumstance where the FDA has not itself concluded that there was a violation [*e.g.,* false assertion of FDA approval]' . . . [are] barred by the FDCA's prohibition of private enforcement. "); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 353 (2001) (private enforcement of "claims [that] exist solely by virtue of the FDCA disclosure requirements" are impliedly preempted by Section 337).

Most recently, the Ninth Circuit reasoned in a memorandum disposition in *Bubak* that the plaintiff's UCL claim was impliedly preempted by Section 337 because it was premised upon defendant's alleged violation of the FDCA's express statutory prohibition on labels misrepresenting dietary supplements as capable of mitigating and preventing disease (21 U.S.C. § 343(r)(6)). *Bubak v. Golo, LLC*, No. 24-492, 2025 WL 2860044, at *1 (9th Cir. Oct. 9, 2025) (Mem. Disp.). As another example, in *Nexus*, the Ninth Circuit held that Section 337 impliedly preempted private plaintiff's claims based in state laws prohibiting the sale and manufacture of non-FDA approved drugs—since ruling on plaintiff's state law claim would require interpreting the FDCA to determine whether the defendant's drug compounding facilities render defendant exempt from FDA approval. *Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040, 1050 (9th Cir. 2022) (citing the Food and Drug Administration Modernization Act of 1997, Pub. L. No. 105-115, 111 Stat. 2296 (1997) and the Drug Quality and Security Act, Pub. L. No. 113-54, 127 Stat. 587 (2013)—which are amendments to the FDCA that taken together, permit large-scale compounding drug facilities without FDA approval as long as those facilities do not produce drugs that are "essentially a copy of one or more [FDA-]approved drugs.").

*Davidson* supports the proposition that state law claims can evade implied preemption if they do not require interpreting substantive provisions of the FDCA. *Davidson*, 106 F.4th at 848. More specifically, the *Davidson* court found that Section 337 does not impliedly preempt private enforcement of Sherman Law provisions with identical

- 9 -

25cv3437

terms as the FDCA, since Plaintiffs' claims could be resolved by solely referring to those state laws and without directly interpreting FDCA provisions. *Davidson*, 106 F.4th at 848.

Though finding that the plaintiff's Sherman Law claims were impliedly preempted, the Ninth Circuit's memorandum disposition in *Bubak* does not call *Davidson*'s holding into question. Instead, the Ninth Circuit in *Bubak* distinguished its case from *Davidson*— in that the plaintiff's Sherman Law claims in *Bubak* required directly examining substantive language in the FDCA (21 U.S.C. § 343(r)(6)), but plaintiff's Sherman Law claims in *Davidson* require examining FDA food labeling **regulations** instead. *Bubak*, 2025 WL 2860044, at *2 (discussing *Davidson*, 106 F.4th at 846). In doing so, this Court observes that *Bubak* draws a distinction between the enforceability of two kinds of Sherman Law claims:

(1) Section 337 impliedly preempts Sherman Law claims that require interpreting substantive language in the text of the FDCA (*e.g.*, 21 U.S.C. § 343(r)(6) at issue in *Bubak* and the FDCA amendments governing exceptions to FDA approval for compounded drug production at issue in *Nexus*); but

(2) Section 337 does *not* impliedly preempt Sherman Law claims that are based on violating FDA regulations (*e.g.*, 21 C.F.R. § 101.13(b)(3) at issue in *Davidson*) incorporated by reference into the California Sherman Law—even if those regulations may also be incorporated by reference into the FDCA (*e.g.*, through Section 343's incorporation of FDA labeling regulations).

Another test of whether a state statutory provision can evade implied preemption by Section 337 is if the origin of those state statutory provisions "predates" the relevant FDCA provision at issue. *Id*. at 859; *see also Bubak*, 2025 WL 2860044, at *3 (Judge Callahan, concurring in part, dissenting in part) (quoting *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1340 (10th Cir. 2015)) ("[I]f a [state law claim] predate[s] the FDCA, [it] would exist in the absence of the Act.").

25cv3437

Here, several of the claims underlying Plaintiffs' UCL cause of action rely upon California statutes that do not explicitly refer to the FDCA (Cal. Health & Safety Code §§ 110380, 110390, 110395, 110398, 110400, 110660, 110760, 110765, 110770). (*See* ECF No. 6 ¶ 99). Although some of these statutes may depend on term definitions from the FDCA copied into California statutes (*e.g.*, Cal. Health & Safety Code § 110660 borrowed language from 21 U.S.C.A. § 343 to define "misbranded" food as food with "misleading" labeling, and Cal. Health & Safety Code § 110765 renders it unlawful for any person to "misbrand" food), they do not rely upon interpreting substantive FDCA provisions post-enactment. Thus, Section 337 does not preempt their private enforcement. *See Davidson*, 106 F.4th at 848.

In addition, the origin of the above state statutory provisions predates the enactment of Section 343-1 in 1990—which indicates these statutes do not "exist solely by virtue of the FDCA." *Bubak*, 2025 WL 2860044, at *3 (Judge Callahan, concurring in part, dissenting in part) (citing *Buckman*, 531 U.S. at 353); *see also* Cal. Health & Safety Code § 110390 (derived from state laws enacted in 1939); *see also* Cal. Health & Safety Code § 110395 (derived from state laws enacted in 1970); *see also* Cal. Health & Safety Code § 110398 (derived from state laws enacted in 1971); *see also* Cal. Health & Safety Code § 110400 (derived from state laws enacted in 1939); *see also* Cal. Health & Safety Code § 110660 (derived from state laws enacted in 1939); *see also* Cal. Health & Safety Code § 110760 (derived from state laws enacted in 1939); *see also* Cal. Health & Safety Code § 110765 (derived from state laws enacted in 1939); *see also* Cal. Health & Safety Code § 110770 (derived from state laws enacted in 1939); *see also* Cal. Health & Safety Code § 110380 (derived from state laws enacted in 1970).

Since Defendants have not presented adequate reasoning that the aforementioned state laws require the interpretation of substantive provisions within FDCA and/or "exist solely by virtue of the FDCA," *Buckman*, 531 U.S. at 353, the Court finds Plaintiffs' Cal. Health & Safety Code §§ 110390, 110395, 110398, 110400, 110660, 110760, 110765,

- 11 -

110770, 110380 claims are not impliedly preempted by Section 337 at the motion to dismiss stage.

On the other hand, a few of Plaintiffs' state law claims underlying Plaintiffs' UCL cause of action rely upon statutes (Cal. Health & Safety Code § 110665, 110100(a), 110505) that do explicitly refer to the FDCA's nutrition labeling requirements.  (*See* ECF No. 6 ¶ 99).

Cal. Health & Safety Code § 110665 states (emphasis added):

Any food is misbranded if its labeling does not conform with the requirements for nutrition labeling **as set forth in Section 403(q) (21 U.S.C. Sec. 343(q))** of the federal act and the regulations adopted pursuant thereto. Any food exempted from those requirements under the federal act shall also be exempt under this section.

Cal. Health & Safety Code § 110100(a) states (emphasis added):

**All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act**, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state.

Cal. Health & Safety Code § 110505 states:

**Definitions and standards of identity**, quality, and fill of container, and any amendments to the definitions and standards, **adopted pursuant to the federal act** . . . **are the definitions and standards of identity, quality, and fill of container in this state** . . .

Nonetheless, Defendants have not shown that interpretation of substantive labeling requirements in the text of the FDCA itself is necessary for resolving Plaintiffs' Cal. Health & Safety Code §§ 110665, 110100(a), 110505 claims in this particular case.  Centrally, Defendants claim that Plaintiffs' state law claims are primarily based on Defendants' alleged violation of FDA regulation 21 C.F.R. § 101.13(b)(3)'s prohibition on nutrient content information on labels on products for children under two. (ECF No. 8-1 at 13:8-12.)

At oral argument, Defendants further asserted that Plaintiffs' claims based on 21 C.F.R. § 101.13(b)(3) required interpreting whether Defendants' labels represent a "level"

25cv3437

of nutrients prohibited by a misbranding provision of the FDCA (21 U.S.C. § 343(r)(1)(A)), and are thus, impliedly preempted. (ECF No. 15.)  However, *Davidson* itself does not depend on any FDCA provision—including 21 U.S.C. § 343(r)(1)(A)—to interpret its plaintiffs' Cal. Health & Safety Code § 110100(a) claim to enforce the prohibition in 21 C.F.R. § 101.13(b)(3).  *See Davidson*, 106 F.4th at 846 ("The relevant federal regulation prohibits 'nutrient content claims . . . on food intended for use by infants and children less than 2 years of age' . . . California law incorporates the same prohibition.").

Moreover, 21 C.F.R. § 101.13(b)(2)(ii) provides that "nutrient content claims" (prohibited on products intended for children under two in 21 C.F.R. § 101.13(b)(3)) include general assertions or implications that a food "may be useful in maintaining healthy dietary practices . . . (*e.g.*, 'healthy')."  21 U.S.C. § 343(r)(1)(A)'s narrow prohibition on misrepresentations about nutrition "levels" is, therefore, separable from whether nutrient content claims are actionable under 21 C.F.R. § 101.13(b)(3).  In other words, Plaintiffs' Cal. Health & Safety Code § 110100(a) claim to enforce 21 C.F.R. § 101.13(b)(3) does not rely upon the text of 21 U.S.C. § 343(r)(1)(A).  As such, Plaintiffs' claim does not "require[] litigating" the express requirements in 21 U.S.C. § 343(r)(1)(A); and 21 U.S.C. § 343(r)(1)(A) is not a basis for impliedly preempting Plaintiffs' claim.  *See Davidson*, 106 F.4th at 846.

Defendants also asserted at oral argument that *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) requires the Court to directly interpret 21 U.S.C. § 343(r)(1)(A) to determine the meaning of "nutrient content claims" in 21 C.F.R. § 101.13(b)(3). (ECF No. 15.) *Loper Bright*, 603 U.S. 369 considered whether a federal statute (*i.e.*, the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), 16 U.S.C. § 1801 *et seq*.) authorized an agency (*i.e.*, the National Marine Fisheries Service, as part of the U.S. Department of Commerce) to promulgate a regulation requiring domestic fishing vessels to bear the costs of hiring observers to collect data for fishery management where federal funding falls short.  *Loper Bright* found that the text of APA § 706 requires the reviewing

- 13 -

courts to directly interpret federal statutes to determine if an agency could promulgate certain regulations—rather than defer to agency interpretation of those federal statutes where their text is ambiguous.  *Loper Bright*, 603 U.S. at 413.

However, as discussed above, interpreting 21 U.S.C. § 343(r)(1)(A) is not necessary for determining whether Plaintiffs' Cal. Health & Safety Code § 110100(a) claim predicated upon a violation of 21 C.F.R. § 101.13(b)(3) can be preempted—since determining a violation of 21 C.F.R. § 101.13(b)(3) does not depend upon interpreting 21 U.S.C. § 343(r)(1)(A).  Put differently, Plaintiffs' Cal. Health & Safety Code § 110100(a) claim enforces a federal regulation (*i.e.*, 21 C.F.R. § 101.13(b)(3)) and does not turn on an agency's (*i.e.*, FDA's) interpretation of a federal statute (*i.e.*, FDCA).  *Cf. Kisor v. Wilkie*, 588 U.S. 558, 591 (Roberts, J., concurring) (2019) ("Issues surrounding judicial deference to agency interpretations of their own <u>regulations</u> are distinct from those raised in connection with judicial deference to agency interpretations of <u>statutes enacted by Congress</u>") (emphasis added).

Additionally, according to their operative complaint, Plaintiffs seek to enforce FDA regulations 21 C.F.R. §§ 101.13(b), 101.13(c), 101.54(e), and 104.20 through Cal. Health & Safety Code §§ 110665, 110100(a), and 110505.  (ECF No. 6 ¶ 99.)

Similar to *Davidson*, 106 F.4th at 852 (plaintiff's UCL claim based on violation of nutrient labeling requirements in 21 C.F.R. § 101.13(b)(3)) and dissimilar to *Bubak*, 2025 WL 2860044, at *2 (plaintiff's UCL claim based on violation of supplement labeling requirements in 21 U.S.C. § 343(r)(6)), Plaintiffs' allegations that Defendants have violated the aforementioned FDA regulations do not require interpreting requirements embedded in the text of the FDCA itself.  Thus, the Court finds Plaintiffs' Cal. Health & Safety Code §§ 110665, 110100(a), 110505 claims are not impliedly preempted by Section 337—and neither are their underlying allegations that Defendants violated 21 C.F.R. §§ 101.13(b), 101.13(c), 101.54(e).

\* \* \*

- 14 -

25cv3437

For the reasons above, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' UCL cause of action on grounds of FDCA preemption.  (ECF No. 8.)

### B.      Whether Plaintiffs' Unjust Enrichment Claim is Preempted

*Davidson* also briefly addressed whether an unjust enrichment claim survives along with claims brought under California statutory prohibitions on nutrient labeling and concluded that it did.  *See Davidson*, 106 F.4th at 853.  Accordingly, because Plaintiffs' UCL cause of action and its underlying statutory claims survive preemption, Plaintiffs' unjust enrichment claim may also proceed.  *See Forrett v. W. Thomas Partners LLC*, 746 F. Supp. 3d 780, 791 (N.D. Cal. 2024) (finding the same for plaintiff's unjust enrichment claim based upon plaintiff's Sherman Law claims because there is an "underlying basis for recovery.").  Thus, the Court similarly **DENIES** Defendants' motion to dismiss Plaintiffs' unjust enrichment claim.  (ECF No. 8.)

### C.      Whether Plaintiffs' Request for Declaratory Relief Should be Dismissed

The Declaratory Judgment Act creates a remedy, not a cause of action.  *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33 n.3 (1st Cir. 2007); *accord Jimenez v. OE Fed. Credit Union*, 2025 WL 2402137, at *9 (N.D. Cal. Aug. 19, 2025).  However, Federal Rule of Civil Procedure 57 provides that "the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."  Courts have declined to dismiss declaratory relief claims at the pleading stage where they seek forward-looking relief distinct from damages for past conduct.  *See Peralta v. Certified Emp. Screening, Inc.*, 2025 WL 1723142, at *9 (C.D. Cal. May 7, 2025); *Reyes v. Nationstar Mortg. LLC*, 2015 WL 4554377, at *7 (N.D. Cal. July 28, 2015).  Declaratory relief is inappropriate, however, if the claim merely duplicates the relief available through the underlying causes of action.  *See Reyes*, 2015 WL 4554377, at *7–8; *see also In re PowerSchool Holdings, Inc. and PowerSchool Group, LLC Customer Security Breach Litigation*, No. 25-MD-03149-BEN-MSB, 2026 WL 818335, at *17 (S.D. Cal. Mar. 25, 2026).

Here, Defendants move to dismiss Plaintiffs' request for declaratory relief on grounds that Plaintiffs' claim does not appear to be meaningfully distinct from the

- 15 -

substantive claims underlying Plaintiffs' UCL cause of action. Though Plaintiffs contest instead that their request for declaratory relief is forward-looking (*e.g.*, aimed to prevent future mislabeling on Defendants' products) (ECF No. 9 at 20:27–21:5), Plaintiffs' request for declaratory relief ultimately seems to seek the same damages and restitution that Plaintiffs' UCL claims do (ECF No. 6 ¶¶ 114 (Plaintiffs seek restitution for UCL cause of action), 115(e) (Plaintiffs seek a declaration that Defendants must disgorge all ill-gotten profits or make full restitution to Plaintiffs)). Thus, "Plaintiffs have not shown that declaratory relief is necessary in this case, nor can they." *Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 3413508, at *10 (S.D. Cal. July 29, 2019) (citing *Olagues v. Russoniello*, 770 F.2d 791, 799 (9th Cir. 1985)).

The Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss Plaintiffs' request for declaratory relief. (ECF No. 8.)

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. (ECF No. 8.)

More specifically, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' UCL cause of action (Count 1) and unjust enrichment cause of action (Count 2). (ECF No. 8.) However, the Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss Plaintiffs' request for declaratory relief. (*Id.*)

**IT IS SO ORDERED.**

**DATED: June 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv3437