**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHELSEA GARLAND *et al.*,

Plaintiffs,

v.

MEAD JOHNSON & COMPANY, LLC, *et al.*,

Defendants.

Case No. 25-cv-03437-BAS-SBC

**ORDER DENYING DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL AND TO STAY ACTION (ECF No. 20)**

Pending before the Court is a motion for interlocutory appeal and to stay action submitted by Defendants Mead Johnson & Co., LLC; Mead Johnson Nutrition Co.; and Reckitt Benckiser LLC ("Motion"). (ECF No. 20.) For the reasons below, the Court **DENIES** Defendants' Motion. (*Id.*)

**I.      BACKGROUND**

On June 1, 2026, the Court denied Defendants' motion to dismiss Plaintiffs' complaint on grounds that Plaintiffs' California state law claims to enforce Food and Drug Administration ("FDA") regulations are preempted under the Food Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.* ("FDCA") (ECF No. 16.) Defendants now move for interlocutory appeal of the Court's decision. (ECF No. 20.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1).

25cv3437

## II.   LEGAL STANDARD

The Court has the authority to certify an order for immediate interlocutory appeal under 28 U.S.C. § 1292(b) where (1) the decision "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The Ninth Circuit cautions that district courts should only certify an interlocutory appeal in "rare circumstances" because "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).   Thus, certification pursuant to Section 1292(b) is appropriate "only in exceptional situations." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam); and *Milbert v. Bison Labs.*, 260 F.2d 431, 433–35 (3d Cir. 1958)).   The party seeking the interlocutory appeal bears the burden of establishing that all three of the requirements for certification are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

## III.   ANALYSIS

The Court agrees that the issue of whether Plaintiffs' California Sherman Law claims to enforce FDA regulations at issue are preempted is a controlling question of law that would materially affect the outcome of this litigation. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026 (In order for a question to be "controlling," the resolution of the issue on appeal could materially affect the outcome of litigation in the district court).   The Court also agrees with Defendants that an immediate appeal may materially advance the ultimate termination of the litigation—since it would effectively end the current litigation.

However, the Court disagrees that there is a substantial ground for difference of opinion on controlling law.   "[S]ubstantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and

25cv3437

difficult questions of first impression are presented.' " *Couch*, 611 F.3d at 633 (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)).  "[J]ust because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.*

Here, the Ninth Circuit, in *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842 (9th Cir. 2024), has ruled upon the issue of whether § 110100(a) of the California Health and Safety Code claims to enforce 21 C.F.R. § 101.13(b)(3) prohibitions on nutrient labeling for children under the age of two are preempted.  Though Defendants cite cases where federal district and appellate courts have denied private state rights of action to enforce federal Food and Drug Administration regulations (*see* ECF No. 20-1 at 13:11–16:18), the only binding Ninth Circuit opinion regarding the particular state law (Cal. Health & Safety Code § 110100(a)) and particular regulation (21 C.F.R. § 101.13(b)(3)) explicitly disputed in this action is *Davidson*, 106 F.4th at 846.  *See Robledo v. Bautista*, No. CV1905349PHXJATDMF, 2022 WL 2788825, at *2 (D. Ariz. July 15, 2022) ("Just because a court could have applied settled law differently does not mean that a substantial ground for difference of opinion exists"); *Spears v. Wash. Mut. Bank*, 2010 WL 54755, at *3 (N.D. Cal. Jan. 8, 2010) ("[T]he mere fact that one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for difference of opinion.").

Further, regarding the issue of whether the date of a statute is "dispositive" for preemption, Defendants cite the concurrence in *Bubak v. Golo, LLC*, No. 24-492, 2025 WL 2860044, at *4 (9th Cir. Oct. 9, 2025).  (ECF No. 20-1 at 16:19–19:25.)  Contrary to Defendants' assertions, the *Bubak* concurrence explicitly reasons that state laws predating the FDCA can be grounds for finding they are independent.  *See Bubak*, 2025 WL 2860044, at *3 ("These state laws predate, and thus exist independently of, the federal law at issue).  The fact that other courts have reasoned that state law claims based in tort can also be found to "exist independently" of the FDCA does not conflict with finding that those claims exist

- 3 -

25cv3437

independently of the FDCA on the basis they predate its enactment.  *See Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040, 1048–50 (9th Cir. 2022); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 346–47 (2001).  Put differently, Defendants do not demonstrate that there is a live dispute within the Ninth Circuit.  Thus, the Court does not find there is a substantial ground for difference of opinion on this issue.

Lastly, even though the Court previously dismissed Plaintiffs' claims "sounding in fraud" on the basis that they have failed to plead fraud under Rule 9(b), *see Garland v. Mead Johnson & Co., LLC*, No. 24-CV-1168-BAS-SBC, 2025 WL 1908401, at *4 (S.D. Cal. July 10, 2025), whether claims meet the pleading standards in Rule 9(b) is distinct from the narrow legal issue of whether Plaintiffs' claims are from private enforcement under the FDCA.  Thus, the Court is unpersuaded by Defendants' arguments that the issue of Plaintiffs adequately pleading fraud under Rule 9(b) should affect whether the present matter is appropriate for interlocutory appeal.  (*See* ECF No. 20-1 at 21:11–14.)

Since Defendants have not presented a "substantial ground for difference of opinion," Defendants have not satisfied the three elements of demonstrating the necessity of interlocutory appeal.  *Couch*, 611 F.3d at 633; *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (Certification pursuant to Section 1292(b) is appropriate "only in exceptional situations.").

Furthermore, since the Court denies Defendants' request for interlocutory appeal, the Court also denies Defendants' request to stay the present action.  (*See* ECF No. 20-1 at 22:8–20.)

**IV.    CONCLUSION**

For the reasons above, the Court **DENIES** Defendants' Motion.  (ECF No. 20.)

**IT IS SO ORDERED.**

**DATED: July 6, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

25cv3437